1

2

3

4

5

6

7

8

9            **UNITED STATES DISTRICT COURT**

10           **CENTRAL DISTRICT OF CALIFORNIA**

11

12   WILLIAM C. ROBERTSON,           ) No. CV 15-3317-AS
                                      )
13               Plaintiff,           )
             v.                       ) **MEMORANDUM OPINION**
14                                    )
     CAROLYN W. COLVIN,               )
15   Acting Commissioner of Social    )
     Security,                        )
16                                    )
                 Defendant.           )
17   _____)

18

19                    **PROCEEDINGS**

20

21       On May 2, 2015, Plaintiff filed a Complaint seeking review of

22   the denial of his applications for Disability Insurance Benefits and

23   Supplemental Security Income. (Docket Entry No. 1).  The parties have

24   consented to proceed before a United States Magistrate Judge.

25   (Docket Entry Nos. 11, 13).  On September 17, 2015, Defendant filed

26   an Answer to the Complaint and the Certified Administrative Record

27   ("A.R."), (Docket Entry Nos. 15-16).  On November 23, 2015, the

28

                               1

parties filed a Joint Stipulation ("Joint Stip.") setting forth their respective positions on Plaintiff's claim.  (Docket Entry No. 18).

The Court has taken this matter under submission without oral argument.  See C.D. Cal. L.R. 7-15; "Order Re: Procedures in Social Security Case," filed May 5, 2015 (Docket Entry No. 8).

**BACKGROUND AND SUMMARY FO ADMINISTRATIVE DECISION**

On August 27, 2009, Plaintiff William C. Robertson ("Plaintiff") applied for a period of disability, disability insurance benefits, and supplemental security income benefits alleging a disability beginning December 12, 2008.  (A.R. 252-55).  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), who rendered an unfavorable decision.  (A.R. 71-82).  The Appeals Council vacated the decision and ordered additional proceedings, in part because the record of the hearing could not be located.  (A.R. 87-88).

A supplemental hearing was held on October 7, 2013 before ALJ Gail Reich,[1] who heard testimony from Plaintiff, medical experts Thomas Maxwell and Glenn Griffin, and vocational expert Kelly Bartlett.  (A.R. 40-62).  During the hearing, Plaintiff testified that he stopped working in December 2008 because he had social anxiety disorder and "got fatigued real easy being on [his] feet." (A.R. 45).  He stated that he spent his time watching television and reading and could walk up to two blocks before leg cramps prevented

---

[1]   The matter was reassigned to a different ALJ following the Appeals Council's remand due to the unavailability of the initial ALJ.  (A.R. 23).

him from walking farther.   (A.R. 45-46).   Plaintiff testified that back pain and depression prevented him from working.   (A.R. 46).   The medical experts both testified that Plaintiff was capable of working with some limitations.   (A.R. 46-48).

Plaintiff submitted medical records in support of his application, including an October 2009 HIV questionnaire in which Plaintiff stated that (1) he needed to nap three or four hours every day due to fatigue; (2) he suffered from diarrhea and incontinence daily and had lost weight; (3) his sleep was interrupted most nights due to incontinence and "thoughts;" and (4) depression, bi-polar disorder, social anxiety, OCD, and paranoia made it difficult or impossible for him to leave the house or get out of bed.   (A.R. 302-04).   In an August 2009 treatment record, a physician noted that Plaintiff was looking for a job in retail sales and was considering attending nursing school.   (A.R. 398).   In an October 2010 treatment record, one of Plaintiff's physicians noted that Plaintiff was attending school to become a medical assistant.   (A.R. 859).   The physician also noted that Plaintiff's performance in school was "fine," notwithstanding Plaintiff's complaints of difficulties concentrating.   (A.R. 859).

On December 16, 2013, the ALJ issued a decision denying Plaintiff's applications.   (A.R. 23-34).   After determining that ALJ found that Plaintiff had severe impairments -- HIV, hypertension, benign prostatic hypertrophy (BPH), history of chronic anemia, depressive disorder, and history of polysubstance abuse (A.R. 24) – and that Plaintiff's impairments did not meet or equal an impairment

3

listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (A.R. 24), the ALJ found that Plaintiff had the residual functional capacity ("RFC")[2] to perform sedentary work[3] with the following limitations: can lift and carry up to 10 pounds, sit for 6 hours in an 8-hour workday, and stand and/or walk for 2 of 8 hours, consistent with a capacity for sedentary work; can occasionally perform postural activities, but must avoid unprotected heights, hazardous machinery, and climbing ladders, ropes, or scaffolds; and can frequently but not continuously interact with co-workers, supervisors, and the public. (A.R. 25).

In assessing Plaintiff's RFC, the ALJ "considered [Plaintiff's] allegations of pain, fatigue and other symptoms, both mental and physical," and ruled that, "while [Plaintiff] ha[d] established a foundation for his basic symptoms, the weight of both the objective data and other factors support[ed] the [RFC] assessed above." (A.R. 25). Before reviewing the available objective medical evidence, (A.R. 26-31), the ALJ noted that "certain other factors" supported her RFC assessment, including the fact that many of Plaintiff's conditions predated his disability onset date and that Plaintiff had

---

[2]   A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1)1), 416.945(a)(1).

[3]   "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

looked for a job and attended school during the alleged disability period. (A.R. 26).

The ALJ found that although Plaintiff could not perform his past relevant work, Plaintiff had skills transferable to semi-sedentary work as an order clerk, appointment clerk, or telephone solicitor, all of which existed in significant numbers in the national economy. (A.R. 31). Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. (A.R. 32).

Plaintiff requested that the Appeals Council review the ALJ's decision. (AR 18). The request was denied on March 6, 2015 (AR 1-5). The ALJ's decision then became the final decision of the Commissioner, allowing this Court to review the decision. See 42 U.S.C. §§ 405(g), 1383(c).

## STANDARD OF REVIEW

This court reviews the Administration's decision to determine if the decision is free of legal error and supported by substantial evidence. See Brewes v. Commissioner of Soc. Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation

omitted).   As a result, "[i]f the evidence can reasonably support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**PLAINTIFF'S CONTENTIONS**

Plaintiff contends that the ALJ did not properly consider his subjective complaints.  (Joint Stip. at 5).  After reviewing the record, the Court finds that the ALJ's decision is supported by substantial evidence and is free from material legal error.[4]

**DISCUSSION**

**A.   The ALJ Appropriately Evaluated Plaintiff's Subjective Complaints**

Plaintiff asserts that the ALJ failed to provide sufficient reasons for rejecting the subjective complaints in his testimony and the HIV Assessment, particularly that he needed to nap for three or four hours daily.  (Joint Stip. at 8-11).  Defendant argues that the ALJ's assessment is adequately supported by medical evidence and by Plaintiff's activities, including attending school to become a

---

[4]   The harmless error rule applies to the review of administrative decisions regarding disability.  See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (an ALJ's decision will not be reversed for errors that are harmless).

medical assistant and seeking work during the disability period. (Joint Stip. at 14-17).

The ALJ addressed Plaintiff's complaints as follows:

In formulating the assessments above, the ALJ has considered [Plaintiff's] allegations of pain, fatigue, and other symptoms, both mental and physical, under 20 CFR 404.1529, 416.929, Social Security Rulings 96-3p and 96-7p, which provide that once an individual established a medical impairment that could reasonably cause a basic symptom, we must analyze factors other than objective findings alone in assessing the persistence, intensity, and effects of the symptom. Here, while [Plaintiff] has established a foundation for his basic symptoms, the weight of both the objective data and other factors supports the [RFC] assessed above.

[Plaintiff] testified that [he] stopped working, as social anxiety got the best of him. He testified that he experiences back pain, problems with moods/depression, and fatigue, positing that he can walk no further than two blocks due to the latter. [Plaintiff] stated he lives in an apartment and receives General Relief and Food Stamps. He indicated that his daily activities include reading, watching television, and walking two blocks to the store, albeit asserting that some days he cannot even go outside to pick up his mail due to problems with mood.

Before addressing objective findings in detail, which, in the aggregate, establish a sedentary capacity with frequent interpersonal interactions, the ALJ notes certain other factors supporting this assessment. In the arena of daily activities, it appears [Plaintiff] has primarily limited (sic) due to periods of homelessness or living in structured environments (sober living house).

It appears that essentially all of [Plaintiff's] impairments are longstanding. He worked despite these impairments through the years. He was off and on medications for many of these conditions. As discussed below, BPH was the major addition to the medical picture surrounding the alleged onset date. This primarily resulted in problems in voiding and some concerns with functioning, and in the latter regard, may have temporarily enhanced emotional symptoms. However, these problems appear to have been largely corrected by surgery in February 2010.

It is also significant that in 2009, even while awaiting surgery for BPH, [Plaintiff] was actively involved in a job search and expressed interest in returning to nursing school. He apparently did so, as indicated by [an] October 2010 entry from Tarzana Treatment Center relating [Plaintiff's] statements he was in school for medical assistant [sic], very happy and proud, four months until

graduation, and with fine performance in school despite his complaints of poor concentration.  As discussed further below, both this history and repeated mental status examinations fail to confirm [Plaintiff's] allegations of significant cognitive difficulties from medications or other causes.

(A.R. 25-26) (citations omitted).

A claimant initially must produce objective medical evidence establishing a medical impairment reasonably likely to be the cause of the subjective symptoms.  Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991).  Once a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged, and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his pain and symptoms only by articulating specific, clear and convincing reasons for doing so.  Brown-Hunter v. Colvin, 806 F.3d 487, 492-93 (9th Cir. 2015) (citing Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007)); see also Smolen v. Chater, supra; Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997).

Here, substantial evidence supports the ALJ's finding that Plaintiff's testimony about his functional limitations was not fully credible.

9

Plaintiff contends that the first of the above-referenced paragraphs excerpted from the ALJ's decision constitutes "the ALJ's entire discernible rationale," which is "simply too vague for meaningful review." (Joint Stip. at 8-9). However, the Court notes that the ALJ proceeded to summarize Plaintiff's testimony and discuss factors other than objective medical evidence which, in the ALJ's opinion, justified discrediting Plaintiff's testimony. The Court finds the ALJ's decision to be sufficiently clear to permit meaningful review. Cf. Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989) (in related context of rejecting a physician's opinion, ALJ is not required to recite "incantation" or "magic words" such as "I reject Dr. Fox's opinion about the onset date because . . .": reviewing court is "not deprived of [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion."); see also Wright v. Colvin, 2013 WL 6116904 at *6 (C.D. Cal. Nov. 19, 2013) (applying Magallanes in rejecting a claimant's testimony regarding subjective complaints).

The ALJ provided legally permissible grounds for discrediting Plaintiff's testimony about his symptoms and functional limitations, noting that Plaintiff had worked despite most of his ailments for many years before claiming disability, sought a job and attended school during the disability period. Moreover, mental health examinations did not substantiate Plaintiff's complaints of cognitive difficulties. See Gregory v. Bowen, 844 F.2d 664, 667 (9th Cir. 1988) (upholding ALJ's decision to discredit claimant where claimant had previously worked while suffering from same condition that allegedly rendered her disabled); Matthews v. Shalala, 10 F.3d 678, 680 (9th

Cir. 1993) (upholding as supported by substantial evidence ALJ's decision that attending school three days a week was "inconsistent with an alleged inability to perform all work"); Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (although lack of objective medical evidence to substantiate claimant's testimony cannot "form the sole basis" for discounting the testimony, it is a factor that the ALJ may consider). The ALJ also noted that to the extent that Plaintiff's condition changed when he was diagnosed with BPH, the problems associated with the onset of BPH were corrected by surgery in February 2010. (A.R. 26).[5] Aside from claiming that the ALJ's decision is too vague to permit review, Plaintiff does not clearly challenge any of the ALJ's reasoning or conclusions.

The Court also notes that, although Plaintiff cites extensively from an October 2009 HIV Assessment, Plaintiff did not expressly testify during the hearing before the ALJ that he suffered from many of the limitations mentioned in the HIV Assessment. (Joint Stip. at 6-7). Plaintiff asserts that, during the hearing, he was only "allowed" to provide "limited testimony" before the ALJ "abruptly turned to the various experts and subsequently closed the hearing." (Joint Stip. at 5-6). However, as noted by Defendant, Plaintiff was actively represented by counsel at the hearing, (Joint Stip. at 16; see also A.R. 51-61 (lengthy cross-examination of vocational expert)), and counsel did not ask the ALJ to permit Plaintiff to testify further. In any event, the Court notes that the subjective

---

[5] Plaintiff does not appear to find fault with the ALJ's summary of Plaintiff's medical history. (See Joint Stip. at 4 (except as specifically stated, Plaintiff stipulates that the ALJ fairly and accurately summarized the evidence of record)).

complaints in the October 2009 HIV Assessment were reported  four years prior to the hearing before the ALJ and, as the ALJ noted, Plaintiff underwent treatment in the interim, including surgery which was found to improve his condition.  (A.R. 26).

**ORDER**

For the foregoing reasons, the decision of the Administrative Law Judge is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 5, 2016.

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE